UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | |
| JEFFERY H. BAYES | ) | CASE NO. 25-90845 |
| | ) | |
| DEBTOR. | ) | Chapter 13 |
| | ) | |
| _____ ) | ) | |
| | ) | |
| RABO AGRFINANCE LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. _____ |
| | ) | |
| JEFFERY H. BAYES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ ) | ) | |

**AMENDED COMPLAINT**

Now comes Rabo AgriFinance LLC ("Plaintiff" or "Rabo"), by and through its

undersigned counsel and pursuant to 11 U.S.C. § 523(a)(2)(A) of the United States Bankruptcy

Code, hereby objects to the dischargeability of indebtedness owed to Plaintiff by Defendant

Jeffery H. Bayes (the "Defendant").  In support thereof, Plaintiff states as follows:

1

## PRELIMINARY STATEMENT

1.      Plaintiff seeks a declaration that its claim is nondischargeable under 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 4007, based on Defendant's false pretenses and false representations in inducing Plaintiff to extend credit to Defendant.

2.      Rabo consents to the bankruptcy court's entry of final orders or judgment in the above-referenced case.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff Rabo AgriFinance LLC is a limited liability company organized under the laws of the State of Delaware. Plaintiff is a creditor of the Defendant in this Chapter 13 case.

4.      Defendant is a citizen and resident of Lexington, Indiana and is the debtor in the Chapter 13 case to which this adversary proceeding relates.

5.      On July 23, 2025 (the "Petition Date"), the Defendant filed with this Court his voluntary petition (the "Petition") for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Case").

6.      This Court has jurisdiction and venue over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 1409(a).

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS

8.      Plaintiff is in the business of providing agricultural-based financing to farmers throughout the United States.

9. Upon information and belief, Defendant operates a row crop and produce farming operation based in Lexington, Indiana.

10. On February 8, 2023, the Defendant completed and signed a Credit Application and Account Agreement (the "Application and Agreement") by which Defendant applied for and requested credit advances from Rabo. A true and accurate copy of the Application and Agreement is attached hereto and incorporated herein as **Exhibit A**.

11. The Application and Agreement represented that Defendant had $288,950.00 in short term assets, $327,000.00 in intermediate assets, and $1,600,000.00 in long term assets, with a total of $2,217,950.00 in assets.

12. The Application and Agreement represented that Defendant had $0.00 in short term liabilities, $28,000.00 in intermediate liabilities, and $824,000.00 in long term liabilities, with a total of $852,000.00 in liabilities.

13. The Application and Agreement represented that Defendant had $825,875.00 in farm sales annually.

14. By the terms of the Application and Agreement, Defendant represented and warranted to Rabo that information provided in the Application and Agreement is true and correct.

15. By the terms of the Application and Agreement, Defendant acknowledges that information provided therein serves "as the basis [for Rabo] making a credit decision on the Agreement."

16. As a result of the information provided by Defendant in the Application and Agreement, Rabo extended four lines of credit to Defendant between June 13, 2025 and August 1, 2025, as follows:

3

a.  Account ending in 2003: Principal of $31,092.12, plus interest of $320.12, for a total of $31,412.87;

b.  Account ending in 4001: Principal of $29,338.56, plus interest of $110.12, for a total of $29,448.68;

c.  Account ending in 4002: Principal of $1,380.00, plus interest of $0.00, for a total of $1,380.00;

d.  Account ending in 4003: Principal of $772.00, plus interest of $0.00, for a total of $772.00;

for a total indebtedness of $63,013.55 (the "Indebtedness").

17.  The first credit advance under Account ending in 2003 was made on June 13, 2025. Additional advances were made on July 14, 2025, under Account ending in 4001. These credit extensions were made just weeks before the Defendant filed the Petition on July 23, 2025.

18.  On August 1, 2025—after the Petition Date—Defendant made two additional draws totaling $2,152.00 under the Application and Agreement (Accounts ending in 4002 and 4003) without disclosing to Rabo that he had filed for bankruptcy. The post-petition draws further evidence Defendant's intent to deceive Plaintiff.

19.  Defendant utilized those lines of credit but failed to make any payments to Rabo.

20.  In his Petition and Schedules, Defendant represented to this Court, under the penalty of perjury:

a.  that Defendant's total assets had a value of $1,261,420.00, nearly one million dollars less than what was represented in the Application and Agreement;

b.  that Defendant's total liabilities were $1,427,782.67, nearly $600,000.00 more than what was represented in the Application and Agreement.

21. The representations Defendant made in the Application and Agreement were materially false and were made with the purpose of inducing Rabo into extending lines of credit to Defendant.

22. Rabo relied on Defendant's representations in the Application and Agreement in deciding to, and in fact, extending credit to Defendant.

23. On September 4, 2025, Rabo filed a proof of claim reflecting amounts owed under the Application and Agreement as of the Petition Date (the "Claim"). A true and accurate copy of Rabo's Proof of Claim is attached hereto and incorporated herein as **Exhibit B**.

<u>**COUNT I**</u>
**DETERMINATION OF NONDISCHARGEABILITY**
**PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

24. The allegations contained in the preceding paragraphs are realleged and reincorporated as if fully set forth herein.

25. Despite the representations in the Application and Agreement, Defendant was, and at all relevant times aware, that the representations were false and that his liabilities materially exceeded his assets.

26. Defendant knew at the time he completed and signed the Application and Agreement that the representations in the Application and Agreement were false, that Plaintiff would rely on those false representations; yet, he made the misrepresentations anyway, with the intent to deceive Plaintiff and to obtain the lines of credit from Rabo under false pretenses.

27. Plaintiff reasonably relied on the representations and warranties in agreeing to extend lines of credit contemplated by the Application and Agreement.

28. However, had Plaintiff known the true nature of the Defendant's financial condition, it would not have extended the unsecured lines of credit.

29. Defendant's knowing misrepresentations were made with the intent to deceive Plaintiff.

30. Additionally, Defendant's post-petition draws on August 1, 2025, made without disclosing his bankruptcy filing to Rabo, constitute further false pretenses and actual fraud.

31. 11 U.S.C. § 523(a)(2) provides, in relevant part:

"(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor or any debt…

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…

(A) false pretenses, a false representation, or actual fraud…"

32. As set forth above, Defendant misrepresented material financial information, *inter alia*, the extent of his assets and liabilities, and Plaintiff reasonably relied upon Defendant's misrepresentations in agreeing to extend the unsecured lines of credit.

33. Based on the aforementioned conduct, Plaintiff is entitled to a judgment determining that Rabo's Claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Find and conclude that Plaintiff's Claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

2. Enter judgment determining that the Indebtedness in the amount of $63,013.55, plus accrued interest, fees, and costs, is nondischargeable;

3. Tax the costs of this adversary proceeding against Defendant; and

4. Provide for such other and further relief as this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: July 8, 2026          **WOMBLE BOND DICKINSON (US) LLP**


WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S. Arthur
       EUDORA F. S. ARTHUR
       NC State Bar No. 59854
       555 Fayetteville Street, Suite 1100
       Raleigh, North Carolina 27601
       Telephone: 919.755.2178
       E-Mail: dorie.arthur@wbd-us.com

       *Attorneys for Rabo AgriFinance LLC, Pro Hac Vice*

7